# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CARRIE KEELER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:20-cv-00510-JAR |
| ) | |
| TRANS UNION, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Carrie Keeler's motion for leave to amend the pleadings. (Doc. No. 15). Defendant Trans Union, LLC opposes the motion as being untimely and futile. The matter is fully briefed and ready for disposition. For the following reasons, the Court will deny Plaintiff's motion.

## DISCUSSION

On August 7, 2020, Plaintiff moved to amend the pleadings in order to add an additional claim under the Fair Credit Reporting Act (hereinafter, "FCRA"). Counsel for Plaintiff states that they discovered the potential new claim "[d]uring a routine review of the case and a discussion with Plaintiff" and moved to file the amended complaint "as soon as was practicable." (Doc. No. 17 at 5-6). In opposition, Defendant asserts that the twice[1] agreed upon deadline for amendment of the pleadings was June 18, 2020, and, as a result, Plaintiff's motion is untimely. Defendant argues that Plaintiff's motion to amend should be denied because she has failed to show good cause to justify the filing of her motion to amend outside of the scheduling order deadlines.

---

[1] The June 18, 2020, deadline for amendment of the pleadings was in both the parties' joint scheduling plan and their amended joints scheduling plan. (Doc. No. 10-11).

Plaintiff, in response, asserts that it should be allowed to file its motion because the Eighth Circuit has interpreted Federal Rule of Civil Procedure 15(a) to provide a "liberal viewpoint towards leave to amend." (*Id.* at 8 (citing *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)). Given this liberal standard, Plaintiff argues that it would be an abuse of the Court's discretion to deny her motion because it was not filed for the purpose of delay or in bad faith and has not caused Defendant any undue prejudice. (*Id.* at 9 (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008))).

Plaintiff's argument for why she should be able to file her motion out of time is based on a misunderstanding of what standard applies when a scheduling order has been entered, versus when none yet exists. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs the amendment of pleadings. Fed. R. Civ. P. 16(b), 15(a). "Where a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the FRCP Rule 16(b) good-cause standard applies first, then the 'when justice so requires' standard of Rule 15(a) applies." *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, 2014 WL 6607077, at *4 (E.D. Mo. Nov. 19, 2014) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). The "good-cause standard is not optional," and "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

Here, Plaintiff moved to amend her pleadings several weeks after the deadline in the scheduling order had expired. It is important to note that Plaintiff specifically agreed to the deadlines. Plaintiff states that the reason her motion was untimely was because her attorneys were unaware that she could raise a related FCRA claim until after the deadline had passed. Plaintiff

2

states that counsel became aware of this claim "during a routine review of the case and a discussion." Plaintiff does not explain why she and her counsel were prevented from having this conversation earlier or make any argument showing that she diligently attempted to meet the scheduling order's deadlines. Because Plaintiff has not established good cause for the untimeliness of her motion –and because applying the good-cause standard "is not optional"— the Court will deny Plaintiff's motion to amend.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend the pleadings is **DENIED without prejudice**. (Doc. No. 15).

Dated this 14th day of September 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has found that Plaintiff's motion is appropriately denied for failure to show cause, the Court does not address Defendant's argument that the amendment would have been futile.

3